DF

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D...

★ APR 2 9 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————————X

RICKY WILLIAMS,

              Plaintiff,

      -against-

JUDGE MICHAEL GARY; JUDGE W.
MILLER; JUDGE A.M. DONNELLY;
JUDGE R. SHILLINGFORD; ATTORNEY
MITCHELL SALAWAY,

              Defendants.

—————————————————————————X

MEMORANDUM
AND ORDER
14-CV-02319 (ARR)(LB)

ROSS, United States District Judge:

Plaintiff, currently incarcerated at Rikers Island, filed this pro se action pursuant to 42 U.S.C. § 1983 against his defense attorney and four New York State court judges alleging that his constitutional rights are being violated in connection with his criminal prosecution in New York Supreme Court, Kings County, Case Number 02593-2012. Plaintiff seeks his freedom and "these wrongs righted." Compl. ¶ V. Plaintiff's request to proceed in forma pauperis is granted solely for the purpose of this Order pursuant to 28 U.S.C. § 1915. Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted.

## BACKGROUND

Plaintiff has a pending criminal case in New York Supreme Court, Kings County before the four judges whom he has named as defendants and is represented in that case by defendant Mitchell Salaway. According to New York State records, plaintiff's next appearance in that case is scheduled for April 30, 2014 before Judge Michael L. Gary. See https://iapps.courts.state.ny.us/webcrim_attorney (last visited Apr. 28, 2014). Plaintiff feels that

his due process rights are being violated and "the system isn't working for [him]." Compl. ¶¶ II.C, IV. He "feel[s] that the Judges and these court appointed attorn[eys] have conspired against [him]." Id. ¶ IV. In short, he is displeased with the handling of his criminal matter and seeks this Court's intervention. He seeks release from custody.

**STANDARD OF REVIEW**

Under the Prison Litigation Reform Act ("PLRA"), a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b); Liner v. Goord, 196 F.3d 132, 134 (2d Cir. 1999) (noting that, under PLRA, sua sponte dismissal of frivolous prisoner complaints is mandatory).

Further, under 28 U.S. C. § 1915(e)(2), a district court shall dismiss an in forma pauperis action where s action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order for a claim under 42 U.S.C. §1983 to survive dismissal, (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

Plaintiff names as defendants four judges of the State court in which his criminal prosecution is pending and his criminal defense attorney. The claims against Judge Shillingford, Judge Miller, Judge Donnelly and Judge Gary must be dismissed because judges have absolute immunity from suit for acts performed in their judicial capacities. See Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009); Mireles v. Waco, 502 U.S. 9, 11-12 (1991). The absolute judicial immunity of the court and its members when acting in their judicial capacity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error or was in excess of his authority." Mireles, 502 U.S. at 11, 13 (quotation marks and internal ellipses omitted). Because the alleged wrongdoing of these defendants were acts performed in a judicial capacity, i.e., as judges assigned to plaintiff's criminal matter, plaintiff's claim is foreclosed by absolute judicial immunity and is dismissed. 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A.

With regards to plaintiff's claims against Mitchell Salaway, the attorney assigned to represent plaintiff in his state court criminal case, Mr. Salaway is not a proper party to this 42 U.S.C. § 1983 action because he is a private party. Although a lawyer is an officer of the court, a lawyer is generally not considered to be "a state actor 'under color of state law' within the

meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318-25 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Plaintiff's § 1983 claim against his criminal defense attorney thus fails to state a claim upon which relief can be granted and is also dismissed. 28 U.S.C. §1915(e)(2)(B)(ii).

## Abstention

To the extent that plaintiff challenges the State's authority to prosecute him and seeks to have this Court inject itself in the state criminal matter, this Court must abstain. See Younger v. Harris, 401 U.S. 37, 43-45 (1971) (holding that, in general, federal courts should refrain from enjoining or otherwise interfering in ongoing state proceedings); Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 197 (2d Cir. 2002) ("[W]hen Younger applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter."); Shelley v. Gulotta, No. 09 CV 4883 (NGG), 2010 WL 309011, at *1-2 (E.D.N.Y. Jan. 26, 2010) (applying Younger abstention doctrine where "there is an ongoing state criminal prosecution against Plaintiff," "that state proceeding implicates New York State's important interest in enforcing its own criminal laws," and "Plaintiff will have adequate opportunity for judicial review of his federal constitutional claims in state court").

## Release from Custody

Finally, to the extent that plaintiff seeks to be released from incarceration, the Court can only consider release from custody on a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475 (1973). In Preiser, the Supreme Court established that habeas is the exclusive remedy for a state prisoner seeking an earlier release. Id. at 500 ("[W]hen

a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). A state prisoner may not circumvent the exhaustion prerequisites for habeas corpus relief by requesting such relief under § 1983. Id. at 489-90. Since the present pleadings do not demonstrate that plaintiff exhausted his state remedies in accordance with 28 U.S.C. § 2254(b) and (c), and in fact has not yet been convicted of the crime with which he is charged, such a petition would be dismissed. Rose v. Lundy, 455 U.S. 509, 510 (1982); Picard v. Conner, 404 U.S. 270, 275 (1971).

Whereas, ordinarily, the Court would allow plaintiff an opportunity to amend his pleading, Cruz v. Gomez, 202 F.3d 593, 597-98 (2d Cir. 2000), it need not afford that opportunity here, where it is clear that amendment would be futile, see Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011); Lucent v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002).

## CONCLUSION

Accordingly, the Court dismisses the instant pro se complaint. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
      April 29, 2014